White, J.
Three grounds of error ar.e relied on in argument in this case.
The first relates to the charge in regard to what would constitute the plaintiff in error a servant within the meaning of the statute. He was employed at a monthly salary, and, by the terms of his employment, he was, in the discharge of his duties, subject at all- times to the immediate direction and control of the agent of the company. His duties were to make sales of machines, and to return to the agent the proceeds of such sales, whether the same consisted of money or notes. These facts, the court told the jury, would be sufficient to make him a servant. In this *168 there was no error. Where a person in the employment of another is, in the discharge of his duties, subject to the immediate direction and control of his employer, he is properly described as a servant.
The next ground of error relates to the action of the court on the trial in overruling the motion to require the prosecuting attorney to elect upon which of the charges he would claim a conviction from the evidence.
As the charge of the embezzlement of the machine and of the note was abandoned on the trial, the only question is, whether there was error in refusing to order an election as to the several sums of money collected from John Weller and Samuel Weller, both of which sums were relied on to prove the charge of the embezzlement of money.
We see no error in the action of the court. The money, it is true, was received at different times and from different persons. But the collection of these several sums by the plaintiff in error was lawful, and in the due course of his employment. The evidence did not show a distinct and independent conversion of each sum, but the conversion of both sums as one transaction.
The remaining question is, whether the court erred in charging the jury, and in refusing to charge as asked on the subject of intent. The court had already, in the general ■charge, instructed the jury as to what was necessary to constitute embezzlement, and that in order to convict the defendant', the offense must have been committed in Montgomery county. The intent of the prisoner in regard to the money, not carried into execution, was an abstraction, and wholly immaterial. If he knowingly converted the money to his own use, under the circumstances prescribed in the statute, the offense was complete. Instructions directing the jury to inquire as to the county in which the criminal intent was formed, disconnected from acts designed to carry such intent into execution, were immaterial and calculated to mislead. They were, therefore, properly refused. Jfigment affirmed.
McIlvaine, C.J.,Welch, Rex and Gilmore, JJ., concurred.